IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO DEWAYNE DOMINICK, <br>         Plaintiff, <br><br> v. <br><br> ASSISTANT D.A. KHADIJA W. <br> HORTON, et al., <br>         Defendants. | C.A. No. 22-253 Erie <br><br> District Judge Susan Paradise Baxter <br> Magistrate Judge Richard A. Lanzillo |

### MEMORANDUM ORDER

On August 17, 2022, Plaintiff Mario DeWayne Dominick, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania ("ECP"), initiated this action by filing a motion to proceed *in forma pauperis* ("*ifp* motion"), accompanied by a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, against Assistant District Attorney Khadija W. Horton and Public Defender Melisa Lafata Pagliari [ECF No. 1-1].[1] This action was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On February 27, 2023, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that this action be dismissed as frivolous for failure to state a cognizable claim upon which relief may be granted, pursuant to 28 U.S.C. 1915(e). [ECF No. 5]. In particular, Judge Lanzillo found that Plaintiff's claims challenging his conviction and detention are barred by the United States Supreme Court's holding in Heck v. Humphrey, 512

---

[1] The *ifp* motion was granted by Order dated February 21, 2023 [ECF No. 5], at which time the complaint should have been separately docketed by the Clerk; however, the Clerk's failure to separately docket the complaint is harmless and does not change the fact that the complaint, as filed, is frivolous.

U.S. 477, 486-87 (1994); his claims against his own attorney, Defendant Pagliari, are barred by absolute immunity; and his claims against his prosecuting attorney, Defendant Horton, are barred by the doctrine of absolute prosecutorial immunity. Nonetheless, while Judge Lanzillo found that amendment of Plaintiff's claims would be futile and, thus, his claims should be dismissed in this Court with prejudice, he recommends that the claims be dismissed without prejudice to Plaintiff's right to challenge his conviction in a properly filed habeas corpus petition after his state PCRA proceedings are terminated, and/or without prejudice to Plaintiff's right to file a renewed civil rights complaint to seek damages for malicious prosecution or abuse of process if his criminal conviction is later overturned in state court. No timely objections to the R&R have been filed by Plaintiff.

Thus, after *de novo* review of the documents in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 28th day of March, 2023,

IT IS HEREBY ORDERED that this action is DISMISSED, with prejudice, for failure to state a cognizable claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e). Nonetheless, such dismissal is without prejudice to Plaintiff's right to: (i) challenge his conviction in a properly filed habeas corpus petition after his state PCRA proceedings are terminated, and/or (ii) file a renewed civil rights complaint to seek damages for malicious prosecution or abuse of process if his criminal conviction is later overturned in state court. The report and recommendation of Magistrate Judge Lanzillo, dated February 27, 2023 [ECF No. 5], is adopted as the opinion of this Court.

As there are no further matters pending before the Court, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
United States Magistrate Judge

All parties of record